IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERTO MEJORANDO,<br>No. 11868-379 | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )<br>) |
| BILL TRUE, | )<br>) |
| Respondent. | )<br>)<br>) |

Case No. 18−cv−1701−MJR

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Petitioner Alberto Mejorando, an inmate in the United States Penitentiary located in Marion, Illinois ("USP-Marion"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that Bill True, Marion's Warden, has implemented and/or condones policies that deprive inmates of meaningful access to the courts. Specifically, Petitioner complains about inadequate law library staffing, uneducated law library staff, and sufficient training and classes for inmates. Petitioner claims these inadequacies are especially problematic for inmates who, like Petitioner, are developmentally disabled. As discussed in more detail below, the Court concludes that the Petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## Discussion

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "If a prisoner is not challenging

1

the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit has] held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (2005) (citing *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)).

> If the prisoner is seeking what can be fairly described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, . . . then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative he seeks.

*Id.* at 386-87.

In the instant case, Petitioner is not challenging the validity of his conviction or sentence, nor is he challenging the fact or duration of confinement. Instead, he seeks a declaration that the subject law library policies and practices are unconstitutional. This is exactly the type of relief that the authority discussed above states must be brought in a civil rights action rather than a habeas petition. This is true even though the disputed policies could impact Petitioner's ability to challenge his conviction or sentence. *See* e.g., *Bey v. Sherrod,* No. CIV. 08-CV-887-MJR, 2008 WL 5387400, at *1 (S.D. Ill. Dec. 23, 2008).

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast Petitioner's action here, because he would face obstacles under the Prison Litigation Reform Act. *See generally* 28 U.S.C. § 1915. Specifically, Petitioner is responsible for paying a much higher filing fee of $400. Furthermore, Petitioner might be assessed a "strike" if the Court determined

2

that his action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas Petition as a complaint under the civil rights act; should Petitioner wish to further pursue his claims pertaining to inadequate law library policies, he must file a civil rights action.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: October 19, 2018**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).